1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD FOSTER,

11            Petitioner,              No. 2:10-cv-0407 FCD KJN P

12        vs.

13   M.D. MCDONALD, WARDEN,            ORDER and

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17            Petitioner is a state prisoner proceeding without counsel with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that after a nonadverse transfer,

19   he was placed on work group/privilege group C[1] in violation of his due process rights.  Petitioner

20   claims, without authority, that he has a liberty interest in retaining a particular work

21   _____

22        [1]  Inmates in work group C are more commonly referred to as "C-status" inmates.
     C-status is the California Department of Correction and Rehabilitation's classification for
     inmates who fail to comply with, or whose conduct interferes with, prison program requirements.
23   Cal. Code Regs. tit. 15 §§ 3044(b)(5)(A), 3044(f). C-status classification is determined by a
     classification committee.  Cal. Code Regs. tit 15 § 3044(b)(4).  C-status inmates do not earn
24   work credits.  Cal. Code Regs. tit 15 § 3044(b)(5)(A). The inmate remains in a
     zero-credit-earning status until classified for placement in a credit-qualifying work group.  Cal.
25   Code Regs. tit 15 § 3044(b)(5)(B).  After being placed on C-status, the inmate can submit a
     written request to be removed from C-status.  Cal. Code Regs. tit 15 § 3044(b)(5)(B).

26

1   group/privilege group status.  Respondent has filed a motion to dismiss petitioner's claim on the

2   ground that petitioner fails to state a cognizable claim for federal habeas relief.  On October 5,

3   2010, petitioner filed a motion for extension of time to file an opposition, along with his

4   opposition.  Good cause appearing, petitioner's motion will be granted.  On October 18, 2010,

5   respondent filed a reply.

6   II.  Standards/Analysis

7           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

8   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

9   petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section

10  2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions

11  to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)

12  (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no

13  claim for relief is stated"); Vargas v. Adler, 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting

14  motion to dismiss a habeas claim for failure to state a cognizable federal claim).  Moreover, the

15  Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that

16  the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4;

17  pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed.

18  See, e.g., Miles v. Schwarzenegger, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008)

19  (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a

20  claim).  However, a petition for writ of habeas corpus should not be dismissed without leave to

21  amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.

22  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

23          In order to state a due process claim, petitioner must show that a constitutionally

24  protected liberty interest is implicated.  Baumann v. Arizona Dept. of Corrections, 754 F.2d 841,

25  844 (9th Cir. 1985).  A state may create a constitutionally protected liberty interest if it

26  establishes regulatory measures that impose substantive limitations on the exercise of official

2

1     discretion.  Hewitt v. Helms, 459 U.S. 460, 470-71 (1983), overruled in part by Sandin v.

2     Connor, 515 U.S. 483, 484 (1995).

3          However, a state prisoner does not have a liberty interest in a classification status

4     under the Fourteenth Amendment.  Hernandez v. Johnston,  833 F.2d 1316,1318 (9th Cir. 1987);

5     see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by federal

6     prisoner classification and eligibility for rehabilitative programs, even where inmate suffers

7     "grievous loss").

8          In addition, California has not created a protected liberty interest in earning credits

9     for work.  See California Penal Code § 2933 ("[w]orktime credit is a privilege, not a right");

10    Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a

11    constitutionally protected liberty interest").  Because petitioner has no constitutionally protected

12    liberty interest in earning work time credit, an allegation that he is being deprived of the

13    opportunity to earn such credit cannot form a basis for habeas corpus relief.  Also, California

14    Penal Code § 2934, which provides for waivers, cannot serve as the basis of a liberty interest in

15    work credits.  Miller v. Rowland, 999 F.2d 389, 392 (9th Cir. 1993).

16         Petitioner simply has no constitutional right to a particular classification or to earn

17    credits.  Because petitioner has not shown a violation of the Federal Constitution, petitioner is

18    not entitled to habeas corpus relief.  See 28 U.S.C. § 2254 (habeas corpus available for violations

19    of the Constitution or federal law.)  Respondent's motion to dismiss should be granted.

20    III.  Conclusion

21         Accordingly, IT IS HEREBY ORDERED that petitioner's October 5, 2010

22    motion for extension of time (dkt. no. 14) is granted; the October 5, 2010 traverse and opposition

23    are deemed timely filed.

24         IT IS HEREBY RECOMMENDED that respondent's September 1, 2010 motion

25    to dismiss (dkt. no. 13) be granted and this action be dismissed.  If petitioner files objections, he

26    shall also address whether a certificate of appealability should issue and, if so, why and as to

1  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

2  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

3  § 2253(c)(3).

4         These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6  one days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within fourteen days after service of the objections.  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED:  October 18, 2010

13

14

15                                         _____

16                                         KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE

17  fost0407.mtd

18

19

20

21

22

23

24

25

26